UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**BRIAN HALE**,

             Plaintiff,

   v.

**KRISTINA LONG**, *Community Manager*,
**MELINDA THOMPSON**, *Housing Occupancy Specialist*, **RELAY RESOURCES**,

             Defendants.

Case No. 3:21-cv-01252-AC

**ORDER**

**Michael H. Simon, District Judge.**

      Plaintiff Brian Hale, representing himself, filed this lawsuit against Defendants Kristina Long ("Long"), Melinda Thompson ("Thompson"), and Relay Resources. Service of process has not yet occurred. Plaintiff has filed an application with the court to proceed *in forma pauperis*. (ECF No. 4.) Based on the Court's review of his application, it appears that Plaintiff is unable to pay the costs of commencing this action, and therefore, his application is granted. However, as explained below, even under the liberal standards afforded a self-represented litigant, Plaintiff's complaint should be dismissed without prejudice and with leave to replead.

Page 1 – ORDER

**STANDARDS**

When a complaint is filed by a plaintiff proceeding *in forma pauperis*, Congress has directed that "the court shall dismiss the case at any time if the Court determines that" the action is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperis* raise cognizable claims. *See, e.g., O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

Under 28 U.S.C. § 1915(e)(2)(B), the court must screen complaints even before service of the complaint on the defendants, and to dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as that used to decide a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not

simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The plaintiff's factual allegations must "plausibly suggest an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Self-represented litigants receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Further, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "'Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'" *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), unlike state courts, which are courts of general jurisdiction, and federal courts may exercise jurisdiction only in certain kinds of cases as authorized by the United States

Page 3  – ORDER

Constitution and Congress.  *See id.*; *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (en banc).  Federal jurisdiction exists over two primary categories of cases:  (1) "federal question" cases; and (2) "diversity of citizenship" cases.  A "federal question" case involves the Constitution or a federal law or treaty.  *See* 28 U.S.C. § 1331.  If a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, it must dismiss the complaint, whether upon the motion of a party or on its own.  *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015); *see also* FED. R. CIV. P. 12(h)(3).

## DISCUSSION

### I.   Plaintiff's Allegations

Plaintiff sues Defendants for fraud and discrimination under the Fourteenth Amendment.  Plaintiff alleges Defendant Long is a Community Manager and Defendant Thompson is a Housing Occupancy Specialist for Defendant Relay Resources.  He asserts he recently moved to the Vine Maple apartments operated by Relay Resources and the building in which he lives is not up to city, state, or federal codes.  He contends there is rampant criminal activity and drug activity occurring at the apartment complex and also that there are unwanted persons engaging in sexual activity, prostituting themselves, and using drugs openly at the apartment complex.  Plaintiff states this activity also occurs in the complex laundry room.  He alleges that other residents at the apartment complex have called out to him, stating that they hope he dies of AIDS, have threatened to break into his apartment, and have shared private information about him only known to Defendants' staff.  Plaintiff alleges that he is on social security disability and he does not feel safe or secure and that the other residents' behavior violates various Oregon laws and that he is a victim of discrimination and hate crimes.  He asserts that he lodged a complaint with Defendant Long about

the illegal activities at the complex and has not received an adequate response. Plaintiff seeks a refund of money, relief from rent for the duration of his lease, a multi-lock on his door, central air conditioning, and $1 million in damages.

## II.     Federal Question Jurisdiction

Plaintiff alleges that Defendants have discriminated against him in violation of the Fourteenth Amendment. The Fourteenth Amendment itself does not create a private right of action; instead, Plaintiff must pursue this alleged constitutional claim under 42 U.S.C. § 1983. "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (internal quotation and citation omitted). The "under color of state law" element of § 1983 means that "merely private conduct, no matter how discriminatory or wrongful" is not actionable under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999). A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Defendant Relay Resources is a private 501(c)(3) non-profit in Portland, Oregon.[1] Private conduct constitutes state action only if it "fairly attributable to the State." *Lugar v. Edmondson*

---

[1] The court takes judicial notice that Relay Resources is a private 501(c)(3) non-profit organization. *See* www.relayresources.org/about-us  (last visited September 10, 2021).

*Oil Co.*, 457 U.S. 922, 937 (1982). "[C]onstitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). A private actor may be subject to liability under § 1983 if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quotation marks and citations omitted). State action is not established merely because a private individual or entity receives government funding or is subject to extensive government regulation. *See, e.g., San Francisco Arts & Athletics, Inc. v. U. S. Olympic Comm.*, 483 U.S. 522, 542-47 (1987); *Blum*, 457 U.S. at 1003-11. The "nexus" test is only satisfied "when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum*, 457 U.S. at 1004.

As currently alleged, Plaintiff has not provided enough facts to plausibly show that Relay Resources is a "state actor." Plaintiff also does not provide any factual allegations demonstrating that Relay Resources' conduct is fairly attributable to the state. Consequently, as currently alleged, Relay Resources' employees Long and Thompson are not "state actors." Therefore, Plaintiff fails to allege facts that support a cognizable claim under the Fourteenth Amendment.

Furthermore, if federal question jurisdiction here could be based on a federal statutory claim of discrimination, Plaintiff has failed to identify a statutory basis for his discrimination claim or enough factual detail to plausibly show the elements of such a claim. *Starr*, 652 F.3d at 1216 (stating that "allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts"). His allegations as currently pleaded are insufficient.

In his Complaint, Plaintiff generally alleges "fraud."  Plaintiff's common law fraud claim does not establish federal question jurisdiction because it does not "aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Likewise, the Oregon statutes Plaintiff identifies do not establish federal question jurisdiction because they do not arise under the federal constitution or federal laws.  (*See* Compl. at 5) (citing OR. REV. STAT. §§ 90.396, 164.215, 164.225, 166.155, 166.165, 167.007, 167.012, 475.005).  Moreover, criminal statutes generally do not create private rights of action in a plaintiff.  *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (noting the Court has refused to "infer a private right of action from a 'bare criminal statute'").  Furthermore, because Plaintiff has not established that the court has subject matter jurisdiction, the court may not exercise supplemental jurisdiction over any state law claim.  *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (providing that that where federal claim is dismissed for lack of subject matter jurisdiction, the court has "no discretion to retain supplemental jurisdiction over [the] state law claims").  In short, Plaintiff fails to allege facts to plausibly establish a basis for federal question jurisdiction.

## CONCLUSION

For these reasons, Plaintiff's application to proceed in forma pauperis (ECF No. 4) is GRANTED, but his Complaint (ECF No. 1) is DISMISSED without prejudice.  If Plaintiff believes he can cure the deficiencies described in this Order, Plaintiff may file an Amended

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

Complaint on or before October 14, 2021.  If Plaintiff does not file an amended complaint by that date, the Court will enter judgment dismissing this case without prejudice.

**IT IS SO ORDERED.**

DATED this 13th day of September, 2021.

                                                    */s/ Michael H. Simon*
                                                     Michael H. Simon
                                                     United States District Judge